# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

YAZAN AL-MADANI,

                Petitioner,     :     Case No. 1:25-cv-00121

    -  vs  -                         Magistrate Judge Michael R. Merz

DIRECTOR OF RESIDENTIAL
 RE-ENTRY MANAGEMENT OFFICE,

                Respondent.     :

## DECISION AND ORDER

This habeas corpus action pursuant to 28 U.S.C. § 2241 is before the Court on Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 6), Respondent's Return of Writ (ECF No. 14), and Petitioner's Reply (ECF No. 15). Upon the unanimous consent of the parties, District Judge Dlott has referred the case to the undersigned under 28 U.S.C. § 636(c)(ECF No. 13).

Petitioner brought suit for a writ of habeas corpus under 28 U.S.C. § 2241 (Petition, ECF No. 1). He alleges that "despite having earned and being eligible for earned time credits, the Bureau of Prisons ["BOP"] was refusing to transfer [him] to a Residential Re-entry Center." *Id.* at PageID 2. He alleged the BOP's revocation of his earned time credits violated both the United States Constitution and the Administrative Procedures Act. *Id.* at PageID 6. In the body of his

1

Petition, he asserts he had been released to a Residential Re-Entry Center, but was re-arrested on the basis of an Immigration and Customs Enforcement ("ICE") detainer. *Id.* at PageID 11.

> 1.2 The BOP's decision to revoke Al-Madani's previously awarded ETC's and reincarcerate him retroactively increases his punishment, in direct violation of the Ex Post Facto Clause of the U.S. Constitution (Article1, Section 9, and Clause 3). The Supreme Court has held that revoking earned early release credits after they have been awarded constitutes an ex post facto violation when it results in an increase in an inmate's punishment, See: *Lynce v. Mathis,* 519 U.S. 433 (1997).
>
> 1.3 Additionally, the BOP's decision is arbitrary, capricious, and an abuse of discretion, violating the Administrative Procedure Act ("APA"), 5 U.S.C. §706(2)(A). The BOP had previously approved Al-Madani's placement in the RRC and home confinement after evaluating his eligibility and determining that he posed no threat to public safety. No new factual or legal basis has emerged to justify this reversal.
>
> 1.4 The Fifth Amendment's Due Process Clause requires that no individual be deprived of liberty without a fair hearing. Al-Madani has not been brought before a judge, magistrate, or administrative official to challenge his re-arrest, nor has he been provided with formal documentation justifying this decision. This lack of procedural safeguards renders his continued detention unconstitutional under *Zadvydas Davis*, 533 U.S. 678 (2001).
>
> 1.5 The Fifth Amendment's Equal Protection Clause prohibits discrimination without a rational basis. Al-Madani's re-arrest, solely due to an ICE detainer, despite his compliance with all release conditions, treats him differently than similarly situated individuals without a compelling government interest, see *Plyler v. Doe*, 457 U.S. 202 (1982).
>
> 1.6 The Eighth Amendment's prohibition against cruel and unusual punishment is also implicated, as Al-Madani's arbitrary and indefinite detention, despite his successful reintegration into society, constitutes unnecessary punishment, see *Hutto Finney,* 437 U.S. 678 (1978).

*Id.* at PageID 11-12.

Al Madani next filed a Motion for Temporary Restraining Order seeking his return to a Residential Re-Entry Center under the supervision of the Cincinnati RRM(ECF No. 13). At the time of filing this Motion, he was confined at the Federal Transfer Facility in Oklahoma. Petitioner's most recent filing shows that he is confined at FCI Allenwood in White Deer, Pennsylvania (Reply to Respondent's Return, ECF No. 15, PageID 202).

As Respondent's Response to the Motion for Temporary Restraining Order shows, the correct venue for a habeas corpus action under 28 U.S.C. § 2241 is the federal district court for the district of confinement (ECF No. 10, PageID 121). Respondent cites *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (upholding "general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"). Since Respondent filed its Response, the Supreme Court has reaffirmed the quoted principle from *Padilla* in *Trump v. J.G.G.,* 604 U.S. ___, 145 S. Ct. 1003, 1005-06 (April 7, 2025).

Respondent admits Petitioner was placed in home confinement in 2024, but states "BOP thereafter reevaluated Petitioner's placement and, in light [of] an Immigration Detainer, on February 11, 2025, Petitioner, was removed from RRC confinement, where he was on home confinement, for return to his current confinement at FCI-Allenwood Medium." (ECF No. 10, PageID 120). When Petitioner filed this action, he was confined in the Mahoning County Jail (Petition, ECF No. 1, PageID 1). Mahoning County is in the Northern District of Ohio. 28 U.S.C. § 115.

Petitioner previously filed a habeas corpus petition under 28 U.S.C. § 2241 raising at least some of the same claims he makes here. That was *Al Madani v. Warden, FCI Allenwood,* Case No. 3:24-cv-01497 on the docket of the United States District Court for the Middle District of

3

Pennsylvania, a district which includes FCI Allenwood. However, Al Madani voluntarily dismissed that case December 2, 2024, before any court ruling on the merits of the case.

The Court find that venue for this case was never proper in this District because this was never the district of "confinement"; when Al Madani filed, he was confined in the Northern District of Ohio, in the Mahoning County Jail. Venue here has not become proper since the filing, since Al Madani has not become confined here and the Court does not have personal jurisdiction over the person who currently holds him in confinement, the Warden at FCI Allenwood. The proper venue for this case is in the Middle District of Pennsylvania.

Having said this, the Court is aware that Petitioner has been moved to various locations in various States by federal authorities since this time last year. The Petitioner now seems to be stably located in a venue where he can bring his § 2241 action. But this Court is concerned about possible relocations of prisoners to defeat habeas corpus jurisdiction and has entered a General Order to prevent that for removals/deportations assertedly justified under the Alien Enemies Act. See Dayton General Order 25-01.

Based on the foregoing analysis and with no comment on the merits of this action, the Clerk is hereby directed to enter judgment dismissing this case without prejudice for lack of personal jurisdiction over the proper respondent.

June 6, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge
